IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION AT DAYTON

| | | |
|---|---|---|
| CARLOS TURNER, et al., | : | Case No. 3:23-cv-00371 |
| | : | |
| Plaintiffs, | : | District Judge: RICE |
| | : | |
| v. | : | Magistrate Judge: GENTRY |
| | : | |
| HENLEY APPRAISALS, LLC, et al., | : | RULE 26(f) REPORT OF PARTIES |
| | : | (to be filed not later than seven (7) |
| Defendants. | : | days prior to the preliminary pretrial |
| | : | conference) |

1.  Pursuant to Fed. R. Civ. P. 26(f), a meeting was held on May 27, 2025, and was attended by:

Jacob Davis_____, counsel for plaintiffs _____


_____, counsel for plaintiffs _____


_____, counsel for plaintiffs _____


Olivia Kelman_____, counsel for defendant U.S. Bank National Association_____


Timothy C. Sullivan_____, counsel for defendant U.S. Bank National Association_____


Lanette Suárez Martin_____, counsel for defendant U.S. Bank National Association_____

1

2.  The parties:

_____  have provided the pre-discovery disclosures required by Fed. R. Civ. P. 26(a)(1), including a medical package (if applicable).

X_____  will exchange such disclosures by June 20, 2025 _____.

_____  are exempt from disclosure under Fed. R. Civ. P. 26(a)(1)(E).

3.  The parties:

_____  unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c).

X_____  do not unanimously consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636 (c).

_____  unanimously give contingent consent to the jurisdiction of the United States Magistrate Judge pursuant to 28 U.S.C. § 636(c), for trial purposes only, in the event that the assigned District Judge is unavailable on the date set for trial (e.g., because of other trial settings, civil or criminal).

4.  Recommended cut-off date for filing of motions directed to the pleadings: June 27, 2025 _____

5.  Recommended cut-off date for filing any motion to amend the pleadings and/or to add additional parties: April 10, 2025 (Per Doc. #33, Decision and Entry Sustaining in Part and Overruling in Part the Motion to Dismiss Filed by Defendants U.S. Bancorp, Inc., and U.S. Bank National Association (Doc. #16) and Sustaining the Motion to Dismiss Filed by Defendants Kevin D. Henley and Henley Appraisals (Doc. #28)).

6.  Recommended discovery plan:

a.  Describe the subjects on which discovery is to be sought and the nature, extent and scope of discovery that each party needs to: (1) make a settlement evaluation, (2) prepare for case dispositive motions and (3) prepare for trial:

The Parties anticipate discovery on issues of liability and damages, including depositions, requests for admissions, requests for documents and interrogatories.

2

b. What changes should be made, if any, in the limitations on discovery imposed under the Federal Rules of Civil Procedure or the local rules of this Court, including the limitations to 25 interrogatories/requests for admissions and the limitation of 10 depositions, each lasting no more than one day consisting of seven (7) hours?

The Parties request that the Court specify in the scheduling order that the three Plaintiffs are limited to (1) collectively serving no more than 25 interrogatories on U.S. Bank (i.e., the limitation imposed in the Federal Rules of Civil Procedure), and (2) collectively serving no more than 40 requests for admissions on U.S. Bank (i.e., the limitation imposed in the local rules of this Court). The parties may permit remote depositions to accommodate out of state counsel and/or parties/witnesses.

c. Additional recommended limitations on discovery: Plaintiffs stipulate that depositions of U.S. Bank and U.S. Bank employees will not be scheduled between November 17, 2025 and January 9, 2026.

d. Recommended date for disclosure of lay witnesses: March 6, 2026.

e. Describe the areas in which expert testimony is expected and indicate whether each expert has been or will be specifically retained within the meaning of Fed. R. Civ. P. 26(a)(2).

Plaintiffs' Position: Plaintiffs may need to call experts regarding appraisals. Such experts would likely be in the appraisal and/or real estate industry.

Defendant's Position: U.S. Bank may utilize expert witnesses on issues of liability and damages, in addition to rebutting those experts that might be called by Plaintiffs. For example, expert discovery on issues of liability may be required on subjects including government and industry requirements and standards for originating home mortgage credit and conducting reconsiderations of value or appraisal appeals and the extent to which U.S. Bank's hiring, training, and supervision of employees complies with industry-standard practices. Expert discovery on issues of damages may be required with respect to calculation of each Plaintiff's damages.

f. Recommended date for making primary expert designations:

The Parties recommend that the deadline for Plaintiffs to identify experts and serve reports is March 20, 2026. The parties recommend that the deadline for U.S. Bank to identify primary and rebuttal experts and serve reports is April 17, 2026.

g. Recommended date for making rebuttal expert designations:

The Parties recommend that the deadline for Plaintiffs to identify rebuttal experts and

serve rebuttal reports is May 1, 2026.

h. The parties have electronically stored information in the following formats:

Electronically Stored Information ("ESI") is expected to be in .pst, html, Excel and PDF format.

The case presents the following issues relating to disclosure or discovery of electronically stored information, including the form or forms in which it should be produced:

No issues are currently anticipated. ESI will be produced according to the specifications agreed-to in the forthcoming Stipulated Protective Order that the Parties will submit to the Court.

i. The case presents the following issues relating to claims of **privilege or of protection as trial preparation materials:**

No issues are currently anticipated. The Parties will jointly submit a Stipulated Protective Order to the Court, which will include a procedure to assert claims of privilege or protection after production.

Have the parties agreed on a procedure to assert such claims **AFTER** production?

    X      No

          Yes

          Yes, and the parties ask that the Court include their agreement in an order.

j. Recommended discovery cut-off date: Fact Discovery Cut-Off Date: February 20, 2026; Expert Discovery Cut-Off Date: May 15, 2026.

7. Recommended dispositive motion date: June 12, 2026 (including motions for summary judgment and Daubert motions).

8. Recommended date for status conference (if any): At the Court's discretion.

9. Suggestions as to type and timing of efforts at Alternative Dispute Resolution:

Once Plaintiffs make a settlement demand, U.S. Bank with respond within a reasonable period after receiving the demand. The Parties may revisit whether

mediation, including with either a private mediator or a magistrate judge, would be beneficial after Plaintiffs make a demand and/or after the close of fact and/or expert discovery.

10.    Recommended date for a final pretrial conference: At the Court's discretion.

11.    Has a settlement demand been made? No.    A response? Not applicable.

Date by which a settlement demand can be made: Any time.

Date by which a response can be made: Within a reasonable period after receiving a demand.

12.    Other matters pertinent to scheduling or management of this litigation:

None.

Signatures:

Attorney for Plaintiffs:

/s/ C. Jacob Davis

C. Jacob Davis (#0101745)
Nalls Davis
33 White Allen Avenue
Dayton, Ohio 45405
Phone: (937) 813-3003
Fax: (937) 660-4400
Jacob.Davis@nallslaw.com
*Attorney for Plaintiffs, The Miami Valley Fair Housing Center, Inc., Carlos Turner, and Diana Davoli-Turner*

Attorney for Defendant

/s/ Olivia Kelman
Olivia Kelman (admitted *pro hac vice*)
Mitchell Sandler PLLC
2020 K Street NW, Suite 760
Washington, DC 20006
Phone: (202) 240-7126
o.kelman@mitchellsandler.com

*Trial Attorney for Defendant U.S. Bank National Association*

/s/Timothy C. Sullivan
Timothy C. Sullivan (Ohio Bar 031069)
Taft Stettinius & Hollister LLP
425 Walnut Street, Suite 1800
Cincinnati, OH 45202-3957
(513) 357-9382
(513) 381-0205 fax
Sullivan@taftlaw.com

*Local Counsel for Defendant U.S. Bank National Association*